## FERRIS v. COOLEY.

No. 5341.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

Joseph S. Guerriero, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

HAMITER, Judge.

Plaintiff was injured in a motor vehicle collision involving a Plymouth sedan, which he was driving, and a laundry truck owned by defendant and operated by an employee acting within the scope of his employment. The collision occurred about 3:45 on the afternoon of August 15, 1935, on Jackson street, about 20 feet south of its intersection with Plum street, in the city of Monroe.

After a trial of the case on its merits, the district court rejected plaintiff's demands for damages. This appeal resulted.

Jackson street at the above-mentioned point of intersection runs in a northerly and southerly direction. For some distance both north and south thereof it consists of two paved thoroughfares, each approximately 14 feet in width, separated by an intervening neutral ground or parkway. A streetcar line proceeds longitudinally in and along this parkway. Traffic traveling toward the north uses the east strip, while the west portion is traveled by the southbound traffic. Plum street crosses Jackson street in an easterly and westerly direction. The entire intersection is paved.

It is undisputed that prior to the collision both of the vehicles were proceeding north on Jackson street, the truck traveling ahead of the other machine. Shortly before reaching the point of collision, the truck was driven over to and along the east side of the thoroughfare. Thereafter, plaintiff attempted to drive the Plymouth to the left of and around the defendant's vehicle and the two machines collided.

Plaintiff's theory of the case is that, after sounding his horn and while passing the truck, the truck driver, without giving any warning whatever, turned his vehicle to the left and struck the right front fender and wheel of plaintiff's car. This caused a blowout of a tire and resulted in his car traveling approximately 75 feet in a northeasterly direction across the intersection and into a tree on the east side of Jackson street.

It is defendant's contention that his truck was practically stationary on the right hand side of Jackson street, and that the Plymouth car was driven into the left front wheel and fender of the truck, resulting in plaintiff's loss of control of his machine. The truck driver intended to turn west at the intersection, but upon seeing an automobile traveling south on the west strip, preparing to turn east and cross in front of him, he decided to stop at the intersection.

If the theory advanced by defendant is correct, there can be no recovery, because of lack of negligence on defendant's part. On the other hand, if the accident happened as plaintiff contends, he is entitled to judgment unless he was contributorily negligent and such negligence was a proximate cause.

The case, as we view it, presents only a question of fact, and the testimony material to a decision herein is extremely conflicting. The witnesses for plaintiff testified that the truck was traveling 20 or 25 miles per hour, while the speed of the Plymouth was approximately 30 miles per hour; and that as plaintiff's car attempted to pass the laundry truck, it cut to the left into the Plymouth, causing the last-mentioned car to strike the neutral ground and plaintiff to lose control of his car.

Defendant's witnesses were positive that the Plymouth car was traveling at an excessive rate of speed, some of them estimating it to be as high as 55 or 60 miles per hour, and that the Plymouth struck the left front wheel of the truck while the last-mentioned vehicle was practically stationary.

In his written reasons for judgment, the trial judge stated that: "While there is some conflict in the evidence as to just what happened at the immediate time of the accident, the preponderance of the testimony shows that both cars were headed north, the truck in the lead, at the time they were approaching the street intersection. (The street intersection is paved completely across the neutral ground strip and the car line). The laundry truck, at the time it was approaching the intersection, was going at a rate of speed of fifteen miles or less, and at the time of the accident it was almost at a standstill. The Plymouth car was traveling at a rate of speed variously estimated from thirty miles an hour to a very high rate of speed."

This finding of fact, with reference to the respective speeds of the two machines, is amply sustained by the record.

The trial judge concluded that the plaintiff was careless and negligent in attempting to pass defendant's vehicle at the high rate of speed employed by him, while such truck

was slowing down or had stopped at the street intersection, and held that such speed was the proximate cause of the collision. He stated in his written opinion that "the proximate cause of this accident was the speed at which the Plymouth car was operated, and that had such car not been operated at such a speed there would have been no accident."

We agree with the trial court that plaintiff was contributorily negligent, and that his negligence was a proximate and efficient cause of the accident, thus barring recovery by him. It is not necessary for us to hold, however, and we do not so hold, that his negligent driving was the sole proximate cause of the accident.

Accordingly, the judgment is affirmed.